JUDGE HERB ROSS (Recalled)

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA**
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office: 907-271-2655 (1-800-859-8059 In-State) — Judge's Fax: 907-271-2692

In re

EUNICE WASHINGTON,

             Debtor(s)

Case No. F15-00110-HAR
In Chapter 7

**MEMORANDUM ADDRESSING
APPLICABILITY OF SERVICEMEMBERS
CIVIL RELIEF ACT**

A motion for relief from stay was filed by Santander Consumer USA, Inc.[1] It alleges that: (a) the debtor is a co-obligor with nondebtor Wendell L. Washington; (b) $19,000 is owed; and (c) the value of the car is $11,400.

Santander filed an affidavit that no party objected to its motion,[2] but that is not correct because the debtor did file an objection more than two weeks prior.[3] The objection says, verbatim:

> The Creditor (Santander Consumer USA Inc) has moved for relief from stay with believed basis of Section 362(d)(l) lack of adequate protection. However, the 2008 Chrysler 300 is the primarily property of Wendell Washington whom hasn't file for Bankruptcy. I, Eunice Washington, am the co-buyer. *Also, the car is protected under the Service Members Civilian Relief Act 50 U.S.C. app. §§ 521, 522 and 524,* That Santander Consumer currently has the car listed under, I ask to keep the car strongly objecting to the motion for relief from stay. [emphasis added]

---

[1] ECF No. 17, filed May 20, 2015.

[2] ECF No. 22.

[3] ECF No. 21.

1   She has not, however, requested a hearing, under our local rules.  The stay may have expired

2   already by operation of law.[4]

3         Santander has not filed a "military affidavit" in support of his requested default.  This

4   refers to the affidavit required by the Servicemembers Civil Relief Act (the SCRA).[5]  The purpose

5   of the SCRA is to protect servicemembers so they can devote their full attention to their military

6   duties without worrying about waiving or losing a valuable legal right as a result.[6]  Under 50 App

7   USC § 521, as part of the procedural protections, a party applying for a default judgment must file

8   an affidavit stating whether the defendant is or is not in the military service, and the ramification

9   of either possibility (a copy of § 521 is attached as an addendum to this memorandum).

10  Sometimes, it is difficult for a plaintiff to know the defendant's military status.

11        In our case, the debtor has herself, under oath, self-identified in her schedules and

12  Statement of Financial Affairs (SOFA) as **not** being an active military member.[7]  In Schedule I (the

13  Income statement), she lists herself as working at commissary at Ft. Wainwright, a military base

14  in Fairbanks.  She does not list a nondebtor spouse in Schedule I (maybe Wendell is an ex?  or,

15  maybe she made a mistake on her schedules).  She also does not list Wendell as a co-debtor on

16  Schedule H.  In her SOFA, she lists her income in answer to Question 1 as:  Amount, $35,000 –

17  Source, Store associate job.  These answers identify debtor as a civilian employee at a military

18  base.

19

20

21

22

---

23        [4] Alaska LBR 4001-1(e)(2) (for a contested lift stay motion, the stay may lift if no hearing is held in 30
days of the motion); 11 USC § 362(e).

24

25        [5] 50 App USC §§ 501 - 597b.

26        [6] 50 App USC § 502.

27        [7] ECF No. 1.

28  MEMORANDUM ADDRESSING APPLICABILITY
OF SERVICEMEMBERS CIVIL RELIEF ACT

1    If it is true that the debtor is **not** a member of the military, the SCRA does not protect her

2    even if her nondebtor spouse is a military member.[8] So, the only thing giving the court pause is

3    the seemingly mandatory language of § 521(b) requiring a military affidavit before entering a

4    default.  If that requirement is not jurisdictional, I would be more comfortable lifting the stay

5    without the creditor's affidavit, since the debtor acknowledges she is not in active military status.

6    But, whether the affidavit requirement is jurisdiction is itself uncertain.[9]  In local practice

7    the requirement is often disregarded. The only mention of it is in Alaska LBR 5075-1(10), among

8    the rules giving the clerk authority to sign mundane orders.[10]  So, I have decided to finesse

9    jurisdictional issue using 50 App USC § 521(b)(4) (although I doubt this is how the legislature

10   envisioned it would be used):

11       **(4) Satisfaction of requirement for affidavit**
             The requirement for an affidavit under paragraph (1) may be satisfied by a
12           statement, declaration, verification, or certificate, in writing, subscribed and
             certified or declared to be true under penalty of perjury.

13   This subsection does not say the alternative statement, etc. must be by the plaintiff.  Since the

14   debtor, herself, has stated under oath that her employment is not that of an active military

15   member, so this may be sufficient to comply with the SCRA's requirements.

16

17

18

19   _____

      [8] In re Cockerham, 336 B.R. 592, 593-94 (Bankr. S.D. Ga 2005) ("Debtor is on active duty in the United
20   States Army; therefore, he is covered by the SCRA. 50 U.S.C. app. § 511. The SCRA is applicable in bankruptcy
      proceedings. 50 U.S.C. app. § 512."); In re Gaddy, 2004 WL 2044107 (Bankr. D. Kansas 2004) (a debtor who said
21   he was "deployed as a civilian serving with the U.S. Army in [Baghdad], Iraq" did not qualify as an active
      member of the military and was not covered under the SCRA).

22       [9] *Compare*, Akers v. Bonfasi, 629 F.Supp 1212, 1214, fn3 (M.D. Tenn. 1985) (jurisdictional), *with* State
      v. Smith, 179 P. 831, 833-84 (Mont. 1919) (discussing a predecessor of SCRA).  And, despite the mandatory
23   language of § 521(b), once a defendant has appeared he or she can be defaulted without the affidavit called for
      in the SCRA.  Hilt v. Taft, 200 A2d 483 (Conn 1964).

24

25       [10] Alaska LBR 5075-1(10): "Judgments by default in the circumstances and upon the proof specified in
      Rule 55(b)(1), Federal Rules of Civil Procedure, including an affidavit that the person against whom judgment is
26   sought is not an infant or incompetent person, and an affidavit under the Soldiers' and Sailors' Civil Relief Act
      of 1940 (as amended) that the defendant is not in the armed forces."

27

28   MEMORANDUM ADDRESSING APPLICABILITY
      OF SERVICEMEMBERS CIVIL RELIEF ACT                                                      Page 3 of 6

1   On a practical note, the debtor's case will soon be closed and there will be no stay

2  remaining in any event.  The trustee has filed a no asset report.[11]  The last date for file an action

3  challenging discharge or dischargeability is July 20, 2015.[12]  If the court set a preliminary and

4  possibly a final hearing, the matter would probably not be until mid-July.  By that time, the stay

5  will be close to expiring under 11 USC § 362(c)(1), (2), if it has not expired already.

6   And, lifting the stay does not reflect a ruling on the merits of whether the SCRA

7  requirements apply to the debtor.  It is only a quick analysis by the court as to whether the

8  automatic stay should be lifted.  The debtor and Wendell Washington can raise any rights under

9  SCRA they claim in a state or other federal forum, other than the bankruptcy court.[13]

====================

## ADDEDNDUM - Portions of 50 App USC § 521

### § 521. Protection of servicemembers against default judgments

**(a) Applicability of section**
This section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance.

**(b) Affidavit requirement**
**(1) Plaintiff to file affidavit**
In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—
(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
(B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

**(2) Appointment of attorney to represent defendant in military service**

---

[11] Docket entry on May 21, 2015.

[12] ECF No. 7.

[13] In re Luz International, Ltd., 219 B.R. 837, 841-42 (9th Cir. BAP 1998).

If in an action covered by this section it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant. If an attorney appointed under this section to represent a servicemember cannot locate the servicemember, actions by the attorney in the case shall not waive any defense of the servicemember or otherwise bind the servicemember.\

**(3) Defendant's military status not ascertained by affidavit**

If based upon the affidavits filed in such an action, the court is unable to determine whether the defendant is in military service, the court, before entering judgment, may require the plaintiff to file a bond in an amount approved by the court. If the defendant is later found to be in military service, the bond shall be available to indemnify the defendant against any loss or damage the defendant may suffer by reason of any judgment for the plaintiff against the defendant, should the judgment be set aside in whole or in part. The bond shall remain in effect until expiration of the time for appeal and setting aside of a judgment under applicable Federal or State law or regulation or under any applicable ordinance of a political subdivision of a State. The court may issue such orders or enter such judgments as the court determines necessary to protect the rights of the defendant under this Act [sections 501 to 515 and 516 to 597b of this Appendix].

**(4) Satisfaction of requirement for affidavit**

The requirement for an affidavit under paragraph (1) may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury.

**(c) Penalty for making or using false affidavit**

A person who makes or uses an affidavit permitted under subsection (b) (or a statement, declaration, verification, or certificate as authorized under subsection (b)(4)) knowing it to be false, shall be fined as provided in title 18, United States Code, or imprisoned for not more than one year, or both.

**(d) Stay of proceedings**

In an action covered by this section in which the defendant is in military service, the court shall grant a stay of proceedings for a minimum period of 90 days under this subsection upon application of counsel, or on the court's own motion, if the court determines that—

(1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or

(2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists.

. . .

**(g) Vacation or setting aside of default judgments**

**(1) Authority for court to vacate or set aside judgment**

If a default judgment is entered in an action covered by this section against a servicemember during the servicemember's period of military service (or within 60 days after termination of or release

1    from such military service), the court entering the judgment shall,
     upon application by or on behalf of the servicemember, reopen the
2    judgment for the purpose of allowing the servicemember to defend
     the action if it appears that—

3
              (A) the servicemember was materially affected by reason of
4             that military service in making a defense to the action; and
              (B) the servicemember has a meritorious or legal defense to
5             the action or some part of it.

6         **(2) Time for filing application**
              An application under this subsection must be filed not later than 90
7             days after the date of the termination of or release from military
              service.
8
     ================
9

10        DATED: June 24, 2015

11

12                            _____/s/ Herb Ross_____
                                  HERB ROSS
13                              U.S. Bankruptcy Judge

14
     Serve:
15   Debtor. Eunice Washington, 4242 599th St., Ft. Wainwright, AK 99703
     Wendell L. Washington, 4242 599th Street, Ft. Wainwright, AK  99703
16   David Pease, Esq., for Santander Consumer USA, Inc.
     Kenneth Battley, trustee
17   US Trustee's Office

18

19

20

21

22

23

24

25

26

27

28   MEMORANDUM ADDRESSING APPLICABILITY
     OF SERVICEMEMBERS CIVIL RELIEF ACT                                    Page 6 of 6